### JAMES et al. v. UNITED STATES.
No. 10528.

Circuit Court of Appeals, Eighth Circuit.
Feb. 3, 1937.

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley and Goldman & Daley, all of Kansas City, Mo., and S. W. James, Jr., of Jefferson City, Mo., on the brief), for appellants.

Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to the Atty. Gen.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment of dismissal in an action brought to recover on a war risk insurance policy. Appellant's predecessor, as administratrix of the estate of Jesse Alford Hunter, deceased, and as beneficiary under a war risk insurance policy issued to Jesse Alford Hunter, originally brought this action on May 5, 1931, to collect war risk insurance benefits. On October 17, 1934, the action was dismissed on defendant's motion for want of jurisdiction based upon the ground that the denial of plaintiff's claim by an inferior board of the United States Veterans' Bureau did not constitute a "disagreement" within the meaning of section 19 of the World War Veterans' Act of 1924, as amended (38 U. S.C.A. § 445). On March 18, 1935, after the term of court at which judgment was entered had expired, plaintiff moved to reinstate the action, relying upon the joint resolution of Congress approved January 28, 1935, 49 Stat. 1 (38 U.S.C.A. § 445c), which provides as follows:

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That a denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 19 of the World War Veterans' Act, 1924, as amended (U.S.C., Supp. VII, title 38, sec. 445). This resolution is made effective as of July 3, 1930, and shall apply to all suits now pending against the United States under the provisions of section 19 of the World War Veterans' Act, 1924, as amended, and any suit which has been dismissed solely on the ground that a denial as described in this resolution did not constitute a disagreement as defined by section 19 may be reinstated within three months from the date of enactment of this resolution."

The lower court denied the motion on the ground that Congress lacked power" to "reinstate in any court any case in which a final judgment has been entered," such power being vested by the Constitution exclusively in the courts. The question presented therefore is whether this joint resolution constituted invasion of the judicial power of the United States District Courts under the Constitution.

It is undoubtedly true, generally speaking, that, where litigation has proceeded to final judgment in a United States District Court, determining the controversy on its merits, it is beyond the power of Congress to vacate, modify, revive, or reverse such judgment. This rule is not determinative of the issue here because the action is one against the United States. The government may be sued only by its consent, and on such conditions as may be fixed by Congress. Congress, representing, as it does, the government, has the power to waive the effect of a judgment as res judicata. Cherokee Nation v. United States, 270 U. S. 476, 46 S.Ct. 428, 70 L.Ed. 694; Nock v. United States, 2 Ct.Cl. 451; Williams v. United States, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372; United States v. Hossmann (C.C.A.8) 84 F.(2d) 808, 810.

This same question was before us in United States v. Hossmann, supra, where it is said: "Here the United States government was in a somewhat dual position with reference to the litigation. It was the defendant in the case, but it was also authorized through the proper instrumentality, to wit, the Congress, to say what claims might be presented as against the government and what might be the scope, limitations, and procedure with reference to the enforcement of any such claim in the courts of the United States. We know of no constitutional inhibition against Congress waiving its right to claim an adjudication and to confer upon the courts the right to again and in any method the Congress desired, as far as the procedure is concerned, to have the case heard upon its merits."

The judgment appealed from is therefore reversed, and the cause remanded, with directions to grant a new trial.