## TODD v. UNITED STATES.
### No. 10774.

Circuit Court of Appeals, Eighth Circuit.
March 12, 1937.

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley, of Kansas City, Mo., on motion), for appellant.

Maurice M. Milligan, U. S. Atty. (Charles L. Chalender, Asst. U. S. Atty., both of Kansas City, Mo., on motion), for appellee.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

PER CURIAM.

This suit was brought to recover on a policy of war risk insurance under section 19, World War Veterans' Act of 1924, as amended (38 U.S.C.A. § 445), and it was stipulated that the plaintiff filed his claim for insurance benefits in the United States Veteran's Bureau on the 24th day of June, 1931; that the claim was denied by the Board of Veteran's Appeals on the 2d day of August, 1935; that on the 9th day of August, 1935, a letter was mailed by registered mail to the plaintiff, advising him of the action taken by the Board of Veteran's Appeals, and the petition in this suit was filed with the clerk of the District Court on the 16th day of August, 1935. The trial court heard the case on the 9th day of March, 1936, upon a motion to dismiss and, it appearing to the court that the suit had not been brought within the time provided by section 19 of the World War Veterans' Act of 1924, as amended, and in force on the date of the hearing, the court sustained the motion and dismissed the case on the ground that it was barred by the statute of limitations. An appeal was taken to this court forma pauperis and during the pendency thereof the Congress of the United States passed the act, 49 Stat. 2034, c. 867, § 404, June 29, 1936, 38 U.S.C.A. 445d. [1]

As will be observed upon comparison of the dates when plaintiff's claim was

[1] 38 U.S.C.A. § 445d: In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit [as herein provided]. This section is made effective as of July 3, 1930, and shall apply to all suits now pending on June 29, 1936, against the United States under the provisions of section 19, World War Veterans' Act, 1924, as amended [section 445 of this title]; and any suit which has been dismissed solely on the ground that the period for filing suit has elapsed but where in the extension of the period for filing suit as prescribed herein would have permitted such suit to have been heard and determined may be reinstated within ninety days from the date of enactment of this act [June 29, 1936]: Provided, That on and after the date of enactment of this Act [June 29, 1936], notice of denial of the claim

filed and denied and when notice of denial was mailed and suit begun, the plaintiff's case came within the period of limitation prescribed by the act and the bar of the statute of limitations was removed from the plaintiff's case and he became entitled to a trial thereof notwithstanding the final judgment of dismissal which had been entered against him. A joint motion of the plaintiff and the defendant, the United States of America, is now presented to this court to set aside the judgment of dismissal and to remand the case for trial as contemplated by the act of Congress.

This court considered the effect of similar action taken by the Congress concerning war risk insurance suits in James v. United States (C.C.A.) 87 F.(2d) 897, decided February 3, 1937, and held that such action constitutes no invasion of the judicial power of the United States courts under the Constitution. By the terms of the section here applicable, the United States consents to and authorizes the maintainance of the plaintiff's suit against it and waives the benefit of the judgment that has been rendered in its favor. In order to give effect to the act in its application to the present case, the joint motion of the plaintiff and the United States will be sustained upon the merits, the judgment of dismissal is set aside and the cause remanded for trial.

---

under a contract of insurance by the Administrator of Veterans' Affairs or someone acting in his name shall be by registered mail directed to the claim-

ant's last address of record: Provided further, That the term 'denial of the claim' means the denial of the claim after consideration of its merits.